UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REFAAT ABDUL HOSN,

        Plaintiff,                           Case No. 16-cv-11652

v.                                 HONORABLE STEPHEN J. MURPHY, III

IRAQI MINISTRY OF TRANSPORT,
COLIN POWELL, U.S. SECRETARY OF
STATE, and PAUL BREMER, COALITION
PROVISIONAL AUTHORITY DIRECTOR,

        Defendants.

_____/

## ORDER GRANTING REQUEST TO PROCEED
## IN FORMA PAUPERIS (document no. 2) AND DISMISSING THE CASE

Pro se plaintiff Refaat Abdul Hosn filed a complaint against the Iraqi Minister of Transportation, the former United States Secretary of State Colin Powell, and the former Coalition Provisional Authority Director Paul Bremer. It appears from what Hosn has written that in the late 1990s, Hosn entered into a contract with the Iraqi Ministry of Transportation to supply a fleet of trucks. Compl. ¶¶ 3–9, ECF No. 1. The supply of trucks reached Dubai in 2000. *Id.* ¶ 9. It appears that the trucks were unable to enter Iraq because the United Nations cancelled an oil for food program. *Id.* ¶ 10. The United States subsequently invaded Iraq in 2003. The complaint alleges that Hosn contacted the post-invasion Ministry of Transportation, and that they entered into new discussions about the delivery of the trucks, but no agreement was reached. *Id.* at ¶¶ 20–27. He also claims that he entered into discussions with the Coalition Provisional Authority, but never finalized a deal. *Id.* ¶ 16. According to Hosn, the Coalition Provisional Authority's Director "[d]ecided not to accept contracts [made] before the Iraqi invasion." Cover Sheet ¶ 14, ECF No. 1.

Hosn filed suit against Paul Bremer in 2007. *Hosn v. Bremer*, Case No. 07-10077 (E.D. Mich. Jan. 3, 2007). That case looks to be based on the same set of facts as those here. Judge Gadola dismissed the complaint without prejudice for lack of subject matter jurisdiction and improper venue.

Civil Rule 8(a) requires a pleading that "states a claim for relief," including "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A pro se complaint is held to a less stringent standard than a formal pleading drafted by a lawyer, and should therefore be liberally construed. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). But the Court is not required to create a plaintiff's claim for him, and may sua sponte dismiss a complaint for failing to comply with Civil Rule 8(a). *Payne v. Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003) (upholding sua sponte dismissal of complaint under Civil Rule 8(a)); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) (noting that district courts are not required to "ferret out the strongest cause of action on behalf of pro se litigants"). Similarly, when the Court allows a plaintiff to proceed without paying a filing fee, the Court must dismiss any action that fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

The Court will dismiss the Iraqi Ministry of Transportation because it is immune from suit under the Foreign Sovereign Immunities Act, ("FSIA"), 28 U.S.C. § 1602, *et seq.* The FSIA provides that "a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607 of this chapter." *Id.* § 1604. The definition of "Foreign State" includes "an agency or instrumentality of a foreign state," such as the Iraqi Ministry of Transportation. *Id.* § 1603(a). The only

potentially applicable exception is the commercial activity exception. Under that exception, a state is not immune when the "action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States." *Id.* § 1605(a)(2). But here there is no allegation that the commercial activity was carried on in the United States.

The Court will also dismiss the claims against Bremer and Powell under the political question doctrine. The doctrine "excludes from judicial review those controversies which revolve around policy choices and value determinations constitutionally committed for resolution to the halls of Congress or the confines of the Executive Branch." *Japan Whaling Ass'n v. Am. Cetacean Soc'y*, 478 U.S. 221, 230 (1986). Decisions regarding national security and foreign relations are paradigmatic examples of political questions. *Bancoult v. McNamara*, 445 F.3d 427, 433 (D.C. Cir. 2006). "Matters intimately related to foreign policy and national security are rarely proper subjects for judicial intervention." *Haig v. Agee*, 453 U.S. 280, 292 (1981). "The conduct of the foreign relations of our government is committed by the Constitution to the executive and legislative — 'the political' — departments of the government, and the propriety of what may be done in the exercise of this political power is not subject to judicial inquiry or decision." *Oetjen v. Cent. Leather Co.*, 246 U.S. 297, 302 (1918).

The present complaint gives little explanation about how Paul Bremer was responsible for the breached contract, other than that the Coalition Provisional Authority failed to honor contracts entered into prior to the invasion. Similarly, the complaint states only that

Secretary Powell was responsible for "strategically planning [s]ince 1987–Jan. 1st, 2005 sanction, siege, invasion of Iraq." Cover Sheet ¶ 12, ECF No. 1. Both the decision not to honor agreements entered into with the former Iraqi regime and the United States' official policies towards Iraq are political questions. Accordingly, the Court will dismiss Bremer and Powell, and the case.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Plaintiff's Application to Proceed In Forma Pauperis (document no. 2) is **GRANTED** and the case is **DISMISSED**.

**SO ORDERED**.


s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: May 17, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 17, 2016, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager

4