UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REFAAT F. ABUL HOSN,

        Plaintiff,

v.

IRAQ MINISTRY OF
TRANSPORT, et al.,

        Defendants.
                                  /

Case No. 2:16-cv-11652

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION
FOR DEFAULT JUDGMENT [38] AND DISMISSING THE CASE**

On May 3, 2016, Plaintiff filed a lawsuit against the Iraq Ministry of Transport ("IMT"), former U.S. Secretary of Defense Colin Powell, and former Coalition Provisional Authority Administrator L. Paul Bremer III for breach of contract. ECF 1. He also filed an application to proceed in forma pauperis. ECF 2. On May 17, 2016, the Court granted Plaintiff's application to proceed in forma pauperis and dismissed the case for failure to state a claim, because the IMT was immune from suit under the Foreign Sovereign Immunities Act ("FSIA"). ECF 3.

On May 24, 2017, the Sixth Circuit affirmed the Court's dismissal of Defendants Powell and Bremer but vacated the dismissal of the IMT. ECF 10. The Sixth Circuit held that, by dismissing the case before the IMT was served, the Court had denied the parties "a fair opportunity to show whether the IMT's activities fell within the exception[]" to the FSIA for foreign commercial activity that "causes a direct effect in the United States." *Id.* at 69 (quoting 28 U.S.C. § 1605(a)(2)).

1

The Court reopened the case and on May 2, 2018, a certificate of service to the IMT was returned executed. The IMT has not responded. On June 6, 2018, Plaintiff moved for default judgment against the IMT. ECF 34. On June 26, 2018, the Court denied Plaintiff's motion, noted the heightened standard for default judgment under the FSIA, and gave Plaintiff until July 12, 2018 to re-file his motion with the necessary evidence to meet the heightened standard. ECF 37, PgID 259–60. On July 9, 2018, Plaintiff filed a second motion for default judgment. ECF 38. On February 1, 2019, the Court ordered Plaintiff to show cause why the Court should not deny his motion for default judgment for failure to secure the Clerk's entry of default. ECF 40. On February 7, 2019, Plaintiff filed a "motion for default." ECF 42. The Court construed the motion as a request for Clerk's entry of default and ordered the Clerk to enter default as to the IMT, which the Clerk did. ECF 44, 45.

The Court reviewed the motion for default judgment and finds that a hearing is unnecessary. E.D. Mich. LR 7.1(f). Because Plaintiff fails to meet the heightened standard for default judgment under the FSIA, the Court will deny the motion. And because Plaintiff had the opportunity to develop his claim through his motion for default judgment and still failed to state a claim upon which relief may be granted, the Court will dismiss the case.

**BACKGROUND**

Plaintiff alleges that in 1998 he, through his company, Abul Hosn Development, Co. (AHDC), entered into a contract with the IMT to supply the IMT with vehicles and equipment in exchange for oil. *See* ECF 38, PgID 261, 271. Plaintiff

alleges that he renewed his contract with the IMT in December 2003 through his American company, CIF International. *Id.* at 262. Plaintiff alleges that the IMT did not pay him for the vehicles or equipment. *See id.* at 261–62.

## STANDARD OF REVIEW

Foreign states are immune from suit in United States courts unless a specific FSIA exception grants the courts jurisdiction over the foreign state. *See Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Co.*, 807 F.3d 806, 810 (6th Cir. 2015). The FSIA defines a foreign state as "a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b)." 28 U.S.C. § 1603(a). An agency or instrumentality of a foreign state is "any entity—(1) which is a separate legal person, corporate or otherwise, and (2) which is an organ of a foreign state or political subdivision thereof . . . and (3) which is neither a citizen of the United States . . . nor created under the laws of any third country." 28 U.S.C. § 1603(b). Once the Court determines that a defendant is a foreign state, the plaintiff must demonstrate that an exception applies. *See Glob. Tech., Inc.*, 807 F.3d at 811 (citing *Peterson v. Islamic Republic of Iran*, 627 F.3d 1117, 1124–25 (9th Cir. 2010)). If the plaintiff carries his burden, then the defendant must demonstrate that its actions do not satisfy the exception. *Id.*

The Court may enter default judgment against an entity covered by the FSIA only if the "claimant establishes his claim or right to relief by evidence satisfactory to the Court." 28 U.S.C. § 1608(e); *see also Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (specifying that

the rule applies to each element of a claim). When analyzing a motion for default judgment in an FSIA case, "the Court may not 'simply accept a complaint's unsupported allegations as true.'" *Spaulding v. Islamic Republic of Iran*, No. 5:16-cv-1748, 2018 WL 3235556, at *3 (N.D. Ohio July 2, 2018) (quoting *Rimkus v. Islamic Republic of Iran*, 750 F. Supp. 2d 163, 171 (D.D.C. 2010)). The Court must conduct a further inquiry, such as considering evidence in affidavits and documentation. *Id.*

## DISCUSSION

Here, as a ministry of the Iraqi government, the IMT is an agency of the foreign state of Iraq. *See, e.g., Sharpe v. Sierra Leone Ministry of Surveys, Lands and Env't*, No. 2:13–cv–00187, 2015 WL 247949, at *3 (S.D. Ohio Jan. 20, 2015) (holding that Sierra Leone's Ministry of Surveys, Lands and Environment is an agency within the meaning of the FSIA); *Human v. Czech Republic-Ministry of Health*, 824 F.3d 131 (D.C. Cir. 2016) (assuming the Czech Republic's Ministry of Health is an agency within the meaning of the FSIA).[1] Plaintiff can therefore sustain a claim against the IMT only if his claim is covered by an FSIA exception. Plaintiff alleges that his claim is excepted by the FSIA as commercial activity occurring outside the United States that "cause[s] a direct effect in the United States." ECF 38, PgID 262 (quoting 28 U.S.C. § 1605(a)(2)).

---

[1] Plaintiff's only question about whether the IMT falls within the FSIA is that it was controlled by the Coalition Provision Authority ("CPA") during part of the relevant time. ECF 38, PgID 262. Because the CPA was Iraq's transitional government, its control over the IMT does not alter the Court's analysis.

4

Plaintiff fails to establish that his claim falls within the asserted exception. Plaintiff alleges that the IMT's actions fall under the "direct effect" exception to the FSIA because the IMT breached a contract with his American company, CIF International. *Id.* at 263. The only contract Plaintiff provides evidence of, however, is a contract between AHDC and the IMT in 1998. *See* ECF 38, PgID 282. Plaintiff admits that AHDC is a Lebanese company, not an American company. *Id.* at 268. Plaintiff instead argues that he renewed the 1998 contract in 2003 through his American company, CIF International, and that the IMT breached the renewed contract. *Id.* at 262. Plaintiff relies on the alleged breach of the 2003 contract to establish a direct effect in the United States. *See id.* at 263. As explained below, however, Plaintiff provides no evidence that the contract was renewed in 2003 or that any contract ever existed between CIF International and the IMT.

Plaintiff attaches a copy of a December 22, 2003 letter that appears to be from the Commercial Section of the General Company for Land Transport ("GCLT") to the General Manager of the Administrative Department of the IMT, which states that the GCLT met with Plaintiff but that "the contract was not executed." ECF 1, PgID 16. The letter appears to request the General Manager's approval of Plaintiff's offer to the GCLT. *Id.* Plaintiff also attaches a 2007 letter between the IMT's Planning Section and Iraq's Economic Affairs Committee which requests "the opinion of your esteemed committee on the possibility of signing the contract total with the mentioned establishment[.]" *See id.* at 25–26. The only "mentioned establishment" is AHDC. *Id.* at 25. Plaintiff's alleged "copy of the renewed and extended contract from

5

2003," ECF 38, PgID 269, is another translation of the 2003 letter indicating that "the contract was not executed," *id.* at 282. Similarly, Plaintiff's alleged "May 2007 letter from the IMT confirming the renewed contract," *id.* at 269, is another copy of the 2007 letter requesting an opinion on the possibility of signing a contract, *id.* at 285–86.

Because Plaintiff fails to provide any evidence that a contract existed between CIF International and the IMT, he fails to establish that his claims fall within an exception to the FSIA. His motion for default judgment will therefore be denied. Because Plaintiff fails to meet his burden of demonstrating that an exception to the FSIA applies, the IMT is immune from the Court's jurisdiction. The Court must therefore dismiss the case.

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's motion for default judgment [38] is **DENIED**.

**IT IS FURTHER ORDERED** that the case is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **CLOSE** the case.

**SO ORDERED**.

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: February 23, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 23, 2019, by electronic and/or ordinary mail.

s/ David P. Parker  
Case Manager

6